# STATE OF WEST VIRGINIA

## SUPREME COURT OF APPEALS

**TERRY J. BROWN SR.,**
**Claimant Below, Petitioner**

**vs.)   No. 15-0616**  (BOR Appeal No. 2050055)
(Claim No. 2013007588)

**BRODY MINING, LLC,**
**Employer Below, Respondent**

**FILED**

June 15, 2016
RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

## MEMORANDUM DECISION

Petitioner Terry J. Brown Sr., by Gregory Prudich, his attorney, appeals the decision of the West Virginia Workers' Compensation Board of Review. Brody Mining, LLC, by Jillian Moore, its attorney, filed a timely response.

This appeal arises from the Board of Review's Final Order dated May 22, 2015, in which the Board affirmed a December 2, 2014, Order of the Workers' Compensation Office of Judges. In its Order, the Office of Judges affirmed the claims administrator's October 23, 2013, decision granting Mr. Brown a 13% permanent partial disability award. The Court has carefully reviewed the records, written arguments, and appendices contained in the briefs, and the case is mature for consideration.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision is appropriate under Rule 21 of the Rules of Appellate Procedure.

Mr. Brown injured his thoracic and lumbar spine in the course of his employment as a roof bolter on September 13, 2012.[1] Mr. Brown underwent three independent medical

---

[1] The Order holding Mr. Brown's claim compensable is not contained in the evidentiary record. Although it is unclear which specific diagnoses are compensable, it is clear that both the injuries to the thoracic and lumbar spine are compensable. Additionally, the evidence of record indicates that the injuries sustained by Mr. Brown were thoracic and lumbar sprains.

1

evaluations for the purpose of determining the amount of permanent impairment arising from the September 13, 2012, injury. According to a report dated September 24, 2013, Jerry Scott, M.D., performed the first independent medical evaluation. He opined that Mr. Brown sustained 3% whole person impairment as a result of range of motion abnormalities in the thoracic spine. After placing Mr. Brown in Thoracic Category II of the West Virginia Code of State Rules § 85-20-Table D (2006), Dr. Scott adjusted his initial recommendation and opined that Mr. Brown sustained 5% whole person impairment as a result of injuries to his thoracic spine. Dr. Scott then opined that Mr. Brown sustained 9% whole person impairment as a result of range of motion abnormalities in the lumbar spine. After placing Mr. Brown in Lumbar Category II of the West Virginia Code of State Rules § 85-20-Table C (2006), Dr. Scott adjusted his initial recommendation and opined that Mr. Brown sustained 8% whole person impairment as a result of injuries to his lumbar spine. Dr. Scott utilized the Combined Values Chart contained in the American Medical Association's *Guides to the Evaluation of Permanent Impairment* (4th ed. 1993) and opined that Mr. Brown sustained 13% whole person impairment as a result of injuries sustained on September 13, 2012. Following Dr. Scott's recommendation, the claims administrator granted Mr. Brown a 13% permanent partial disability award.

Bruce Guberman, M.D., performed the second independent medical evaluation dated April 8, 2014. He opined that Mr. Brown sustained 8% whole person impairment as a result of abnormalities in the thoracic spine pursuant to the guidelines contained within the American Medical Association's *Guides to the Evaluation of Permanent Impairment.* After placing Mr. Brown in Thoracic Category II of the West Virginia Code of State Rules § 85-20-Table D, Dr. Guberman opined that Mr. Brown sustained 8% whole person impairment as a result of injuries to his thoracic spine. Dr. Guberman then opined that Mr. Brown sustained 12% whole person impairment as a result of abnormalities in the lumbar spine. After placing Mr. Brown in Lumbar Category II of the West Virginia Code of State Rules § 85-20-Table C, Dr. Guberman adjusted his initial recommendation and opined that Mr. Brown sustained 8% whole person impairment as a result of injuries to his lumbar spine. He then utilized the Combined Values Chart contained in the American Medical Association's *Guides to the Evaluation of Permanent Impairment* and opined that Mr. Brown sustained 15% whole person impairment as a result of the injuries sustained on September 13, 2012. Dr. Guberman recommended that Mr. Brown receive an additional 2% permanent partial disability award.

Finally, Prasadarao Mukkamala, M.D., performed an independent medical evaluation of Mr. Brown by report dated June 19, 2014. Dr. Mukkamala opined that Mr. Brown sustained 5% whole person impairment as a result of abnormalities in the thoracic spine pursuant to the guidelines contained within the American Medical Association's *Guides to the Evaluation of Permanent Impairment.* After placing Mr. Brown in Thoracic Category II of the West Virginia Code of State Rules § 85-20-Table D, Dr. Mukkamala opined that Mr. Brown sustained 5% whole person impairment as a result of injuries to his thoracic spine. He then opined that Mr. Brown sustained 14% whole person impairment as a result of abnormalities in the lumbar spine. After placing Mr. Brown in Lumbar Category II of the West Virginia Code of State Rules § 85-20-Table C, Dr. Mukkamala adjusted his initial recommendation and opined that Mr. Brown sustained 8% whole person impairment as a result of injuries to his lumbar spine. Using the Combined Values Chart contained in the American Medical Association's *Guides to the*

*Evaluation of Permanent Impairment*, he opined that Mr. Brown sustained 13% whole person impairment as a result of the injuries sustained on September 13, 2012.

In its Order affirming the October 23, 2013, claims administrator's decision, the Office of Judges held that Mr. Brown sustained 5% whole person impairment as a result injuries to his thoracic spine and 8% whole person impairment as a result of injuries to his lumbar spine, for a total of 13% whole person impairment. The Board of Review affirmed the reasoning and conclusions of the Office of Judges in its decision dated May 22, 2015. On appeal, Mr. Brown asserts, per the opinion of Dr. Guberman, that he is entitled to an additional 2% permanent partial disability award, for a total award of 15%.

As was noted by the Office of Judges, Dr. Guberman's findings with respect to the amount of permanent impairment arising from the lumbar spine injury do not substantially differ from those of Dr. Scott and Dr. Mukkamala, as all three physicians determined that Mr. Brown sustained 8% whole person impairment as a result of his lumbar spine injuries. Therefore, only the amount of permanent impairment arising from the thoracic spine injury is presently at issue. Both Dr. Scott, who evaluated Mr. Brown before Dr. Guberman performed his examination, and Dr. Mukkamala, who examined Mr. Brown after Dr. Guberman's evaluation, opined that Mr. Brown sustained 5% whole person impairment as a result of the injuries to his thoracic spine, whereas Dr. Guberman opined that he sustained 8% whole person impairment as a result of the injuries to his thoracic spine. After reviewing the evidence of record, the Office of Judges found that Dr. Guberman's findings regarding the thoracic spine are uncorroborated by the remainder of the record. We agree with the reasoning and conclusions of the Office of Judges, as affirmed by the Board of Review.

For the foregoing reasons, we find that the decision of the Board of Review is not in clear violation of any constitutional or statutory provision, nor is it clearly the result of erroneous conclusions of law, nor is it based upon a material misstatement or mischaracterization of the evidentiary record. Therefore, the decision of the Board of Review is affirmed.

Affirmed.

**ISSUED: June 15, 2016**

**CONCURRED IN BY:**
Chief Justice Menis E. Ketchum
Justice Robin J. Davis
Justice Brent D. Benjamin
Justice Margaret L. Workman
Justice Allen H. Loughry II